# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

HER ENTERPRISES, LLC,

      Plaintiff,

vs.

NOR-CAL BEVERAGE CO., INC.,

      Defendant.

CASE NO.  CV12-03239 JAK (RZx)

**STIPULATED PROTECTIVE ORDER**

Date:     September 10, 2012
Time:    1:30 P.m.
Place:   Courtroom 750

NOTE: CHANGES HAVE BEEN MADE TO THIS DOCUMENT

## ORDER GRANTING STIPULATED PROTECTIVE ORDER

On September 18, 2012, the Parties to this action filed with this Court a certain Stipulated Protective Order.  This Stipulated Protective Order states in pertinent part:

### STIPULATED PROTECTIVE ORDER

NOW THEREFORE, good cause having been shown, the parties hereby stipulate as follows:

This stipulated protective order governs the production and use of certain documents and information to be produced by the parties in this litigation.

Said materials or documents may be designated as Confidential Information and indicated as such by stamping the material or document "CONFIDENTIAL, PURSUANT TO PROTECTIVE ORDER" or "CONFIDENTIAL."  Nothing herein prohibits a party from redacting the information deemed confidential.

## A.   **DEFINITIONS**

1.    As used herein, the term "Confidential Information" means: (a) any party's social security or tax identification number and bank account information;

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

(b) any party's Financial Information (as used herein, Financial Information includes without limitation balance sheets, profit and loss schedules, cash flow schedules, sales information, cost of goods sold, marketing and advertising budgets and expenses, accounts receivable and accounts payable ledgers, all subsidiary journals and work papers); (c) agreements or other documents which provide in the agreement or document that it is to be treated as confidential; (d) data derived from such confidential information, including any summaries, compilations, quotes, or paraphrases thereof; (e) trade secrets, proprietary information, sales plans, marketing plans, customer lists, and other competitively sensitive information; (f) information which a party has a duty to third parties to keep confidential; and (g) any additional category of documents to which ~~the parties agree or to which~~ the Court orders.

2.      As used herein, the terms "document" and "documents" mean documents and writings of any kind, and include, but are not limited to, records, exhibits, reports, samples, transcripts, video or audio recordings, disks, affidavits, briefs, summaries, notes, abstracts, drawings, company records and reports, answers to interrogatories, responses to requests for admissions, and motions, including copies or computer-stored versions of any of the foregoing.

3.      "Qualified Persons" as used herein means:

(a)     The Court and its officers;

(b)     Counsel for the parties in this litigation pending in the United States District Court for the Central District of California and their support personnel.  If any outside vendors (e.g., copy services) are used as support personnel for counsel for the parties, they shall comply with the requirements of this Protective Order;

(c)     Independent experts and consultants retained by any party if they have signed a certification that they have read this Protective Order and

STIPULATED PROTECTIVE ORDER

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

agree to be bound by the terms and conditions hereof.  The form of certification to be signed is attached hereto as Exhibit A;

(d)     Deponents at their depositions on a need to know basis.  Counsel should have a good faith belief that such disclosure is necessary before disclosing confidential information to the deponent;

(e)     The parties to this action, including any officer, director or employee of the party deemed necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(f)     Stenographic and clerical employees assisting the Court who shall be informed of the provisions of this Order and shall agree to be bound by it;

(g)     A person who is known to be the author of the document containing the Confidential Information;

(h)     Any other person as to whom the parties in writing agree.

Nothing herein shall prohibit a party or its counsel from disclosing a document that contains Confidential Information to the person whom the document identifies as an author, addressee or recipient of such document, or holder of the privacy interests.

**B.     <u>DESIGNATION OF CONFIDENTIAL INFORMATION</u>**

1.     This Protective Order applies to all discovery responses and other materials containing Confidential Information disclosed in this action that are designated by a party or a third party as CONFIDENTIAL, as defined above, whether such disclosure is by order of the Court or by response to a deposition question, document request, or any written discovery response in this action.

2.     Any party or third party may protect information it believes constitutes its Confidential Information, or the Confidential Information of a third party, by designating such information as CONFIDENTIAL, as defined above, prior to or at

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

STIPULATED PROTECTIVE ORDER

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

the time of disclosure of such information.  Such designation shall be accomplished by placing the notation CONFIDENTIAL on every page that the party has designated as containing Confidential Information.  In the case of Confidential Information disclosed in a non-paper medium (e.g., videotape, audiotape, computer disk, etc.), the notation CONFIDENTIAL shall be affixed to the outside of the medium or its container so as to clearly give notice of the designation.  Such designation is deemed to apply to the medium itself and to the Confidential Information contained therein.

3.  Any party may apply to the Court for other and more stringent measures to safeguard the disclosure of certain information, and this Protective Order shall not be construed to preclude a party from applying for such further relief.

4.  The parties and third parties shall use reasonable care to avoid designating any materials as CONFIDENTIAL that are not entitled to such designation or that are generally available to the public.

**C.  <u>TERMS</u>**

1.  Nothing contained in this Protective Order shall prevent the use of Confidential Information at trial or at depositions in this action, with appropriate safeguards.  Any of the parties shall further have the right to designate as Confidential Information any deposition testimony that may touch upon confidential or proprietary information.  Unless otherwise agreed to in writing by counsel for the party making such a designation, if such Confidential Information is used or discussed in depositions, all portions of the transcripts of such depositions and exhibits thereto that refer or relate to such Confidential Information shall be treated as confidential, and the party asserting the confidentiality of such Confidential Information shall make arrangements with the reporter to bind the confidential portions of the transcripts and exhibits separately and stamp them as

set forth in Part B above.  In addition, the deponent will be advised that pursuant to this Protective Order, he or she may not divulge any such Confidential Information except to Qualified Persons.

2.     Where any party chooses to designate as Confidential Information any deposition testimony or deposition exhibit, it shall provide such notice on the record at the time of the deposition, or within 20 days of receipt of transcript thereof.  If one of the other parties does not agree that such testimony or document is properly designated as Confidential Information, it shall provide notice to that effect to the other party's counsel in writing within two weeks, clearly specifying the portion of the deposition or document in dispute.  Following such notice, the party seeking to maintain that testimony as Confidential Information shall have two weeks in which to request a conference with the Court seeking permission to file a motion for protective order with the Court requesting that the materials be subject to the provisions of the Protective Order.  Until the Court has ruled on any such motion, or the parties have otherwise reached agreement on the subject, any deposition testimony designated as Confidential Information will be deemed protected and subject to the provisions of the Protective Order.

3.     The inadvertent failure to designate confidential information as CONFIDENTIAL prior to or at the time of disclosure shall not operate as a waiver of a party's right to designate such information as CONFIDENTIAL within 30 days after such disclosure or after notice of such disclosure, whichever is later.

4.     In the event that Confidential Information is designated as CONFIDENTIAL after disclosure but within the 30 day period allowed under Paragraph C.3., the receiving party shall employ reasonable efforts to ensure that all previously disclosed information is subsequently treated as CONFIDENTIAL pursuant to the terms of this Protective Order.

**HILL, FARRER & BURRILL LLP**
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

STIPULATED PROTECTIVE ORDER

5.     In the event that a producing person inadvertently produces a document believed in good faith to contain information protected from disclosure by the attorney-client privilege, attorney work product doctrine, or any other applicable privilege, that person shall notify the other parties in writing as soon as the inadvertent production is discovered.  Following receipt of such notice, the parties shall return all originals and copies of the document to the notifying person, subject to the right of any party to seek an order ruling that the document is not protected by the attorney-client privilege, work product doctrine, or any other applicable privilege.

6.     Should any document or information designated as CONFIDENTIAL be disclosed, through inadvertence or otherwise, to any person or party not authorized to see such materials under this Protective Order, then the disclosing party shall use its best efforts to bind such person to the terms of this Protective Order, and the disclosing party shall: (a) promptly inform such person of all the provisions of this Protective Order, (b) identify the name, address, telephone number, employer, and title or position of such person immediately to the party that designated the document, and (c) request such person to sign the declaration attached hereto as Exhibit A.  The executed declaration shall then promptly be served upon the party that designated the document or information.  If such person refuses to sign the declaration, then he or she shall be informed that he or she nevertheless is bound by this Protective Order.

7.     Materials, documents, or deposition testimony designated as Confidential Information pursuant to Part B may be made available by any party to "Qualified Persons" as defined by Paragraphs A.3. herein who have read this Order and who shall agree to be bound by its terms.  No other person shall have access to Confidential Information without approval of the party who has provided such Confidential Information or without prior approval of the Court, nor shall any other

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

STIPULATED PROTECTIVE ORDER

person be informed of such Confidential Information by any person having access thereto.

8.      Confidential Information so designated shall be used only for the purposes of this litigation or related litigation and to enforce indemnity obligations and may not be used by any party to which or whom that information is produced or disclosed for any other purpose.  Confidential Information so designated shall not be disclosed to anyone other than those persons identified as Qualified Persons, except as may be ordered by the Court or agreed to in writing by the parties.  If any information designated by a party as confidential is thereafter used by a party to which or to whom it has been produced or disclosed as part of a paper filed or lodged with the Court in this action, or in a response to a discovery request in this action, the party using that information shall take all reasonable steps to preserve the continued confidentiality of that designated Confidential Information, including maintaining the designation of confidentiality in all places where that information is so used.

9.      All counsel for a party and any other person who signs a Certificate as set forth in Paragraph A.3. above consent to the jurisdiction of this Court for purposes of enforcement of the terms of the Order.

10.      All provisions of the Protective Order restricting the communication or use of the confidential documents and any information derived therefrom shall survive the conclusion of this action and shall continue to be binding thereafter.

11.      All materials or documents containing Confidential Information which are filed with the Court shall be filed in accordance with Local Rule 79-5-1 with a request to the Court that the document be filed under Seal.

12.      Nothing in this Protective Order shall prevent any party from using any of its own confidential or proprietary information designated as Confidential Information in any way it deems necessary.

STIPULATED PROTECTIVE ORDER

13.     Nothing in this Protective Order will prejudice any party from seeking amendments thereto, broadening or restricting the rights of access to use and of Confidential Information or other modifications hereof.  Further, the designation by any party of any document or testimony as Confidential Information may be reviewable by the Court upon motion by any other party.

14.     In the event that a party who receives Confidential Information is served with a subpoena issued in another matter with categories that would include Confidential Information, such subpoenaed party shall, within two business days after service, notify the producing person via facsimile and U.S. Mail, attaching a courtesy copy of the subpoena.  After the producing person receives the courtesy copy, it shall have two weeks or until the subpoena return date, whichever is shorter, to take appropriate action, if any, such as seek a protective order.  If the producing person does not take any action within the prescribed time, the subpoenaed party may produce the Confidential Information.

Notwithstanding anything to the contrary in the Stipulation of the parties or in this Order, this Order shall not govern in connection with dispositive motions or at trial.  If any party desires protection in connection with those proceedings, the party shall seek such protection separately, from the judicial officer who will preside at those proceedings.

NOW THEREFORE, good cause having been shown, it is hereby ordered that the Stipulated Protective Order discussed herein be approved and entered by the Court in this matter.

Signed this 24th day of September, 2012.

_____
United States Magistrate Judge ~~Judge~~

STIPULATED PROTECTIVE ORDER

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

1

~~or Magistrate Presiding~~

2
HFB 1185657.1 H3816002

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

HILL, FARRER & BURRILL LLP
A LIMITED LIABILITY PARTNERSHIP
ATTORNEYS AT LAW
ONE CALIFORNIA PLAZA, 37TH FLOOR
300 SOUTH GRAND AVENUE
LOS ANGELES, CALIFORNIA 90071-3147

STIPULATED PROTECTIVE ORDER